**Abdourahamane Diego BALDE, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 04–4581.

United States Court of Appeals, Second Circuit.

April 19, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Jill E. Zengler, Assistant United States Attorney (Susan W. Brooks, United States Attorney, Shelese Woods, Civil Appellate Counsel, on the brief), United States Attorney's Office for the Southern District of Indiana, Indianapolis, IN, for Respondent.

PRESENT: JOSEPH M. MCLAUGHLIN, JOSÉ A. CABRANES Circuit Judges and JOHN GLEESON, District Judge.*

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Abdourahamane Diego Balde, a native and citizen of Guinea, petitions for review of an August 3, 2004 Order of the BIA affirming without opinion an Order and decision of immigration judge ("IJ") Vivienne Gordon-Uruakpa denying Balde's requests for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture ("CAT").[1] *See In re Balde,* File No. A 95 476 294 (New York, NY, May 13, 2003).

We assume the parties' familiarity with the underlying facts and procedural history.

Balde alleged persecution on account of his opposition to Guinea's regime and his work on behalf of an opposition political party. Among other instances of persecution, Balde alleged that he was arrested multiple times, that his house was destroyed, that he was incarcerated for four months, that he was beaten and burned with scalding water by police, and that his wife was assaulted by police. The IJ found Balde's testimony not credible and, accordingly, concluded that Balde did not qualify for asylum or for withholding of removal under the INA or the CAT.

When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). On review, we accept the factual findings of an IJ "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and apply the "substantial evidence" standard. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005)

("A court reviewing the determinations of an administrative agency for 'substantial evidence' must defer to the factfinder's findings based on 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). We are especially deferential when reviewing adverse credibility determinations. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

Here, we find that the IJ's decision was based upon substantial evidence. The IJ pointed to specific inconsistencies with direct relevance to Balde's claim. For example, the IJ found that Balde told contradictory stories related to the government's alleged destruction of his house in 1998. Balde said at one point that police "found me in my house and they arrested me." He then said that he was arrested while standing in a line with other protesters outdoors near his house. The IJ also found that Balde made inconsistent statements with regard to a 1993 arrest, stating at one time that his uncle "was there" with him when he was arrested and stating at another time that his uncle "was not there." Although Balde offered explanations for these discrepancies, it was not unreasonable for the IJ—who observed Balde's demeanor and heard his testimony live—to reject the explanations as implausible. In addition, the IJ found that Balde's credibility was undermined by his failure to submit any documentary evidence of the multiple summonses Balde claimed to have received from police. She noted as well that if Balde's testimony concerning the dates of his imprisonment and the birth date of his youngest child are accurate, the child would have spent more than ten months *in utero.*[2]

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S.

85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

2. Balde testified that he was incarcerated from March 23, 1998 until July 24, 1998 and

While we may not agree with every finding of the IJ, we cannot conclude that "any reasonable adjudicator would be compelled" to believe Balde's story. We therefore decline to disturb the IJ's denial of asylum. Because Balde lacks the well-founded fear of persecution needed to qualify for asylum, he cannot qualify for withholding of removal. *See Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999). The IJ's finding that Balde has no credible fear of persecution also supports the denial of Balde's CAT claim.

\*      \*      \*      \*      \*      \*

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

---

that his child was born on January 27, 1999. When questioned as to these dates, Balde stated that his wife was pregnant for "[n]ine months and ten days." While it is possible, of course, for a mother to carry her child for ten months and for the father to misapprehend the length of gestation, the IJ was not unreasonable in finding that this testimony undermined Balde's credibility.